OSBORN
MALEDON

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050

Brett L. Dunkelman, 006740
Erick S. Ottoson, 026970
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
bdunkelman@omlaw.com
eottoson@omlaw.com

Attorneys for SKF USA Inc.

Paul J. Kennedy (*pro hac vice pending*)
J. Anthony Lovensheimer (*pro hac vice pending*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
Telephone:  (215) 981-4000
Fax:  (215) 981-4750
kennedyp@pepperlaw.com
lovensheimera@pepperlaw.com

Of Counsel for SKF USA Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| SKF USA Inc., | ) | No. _____ |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| George J. Mandas dba Premium Bearing Source and Maria Dovas-Mandas, | ) ) | |
| | ) | |
| Defendants. | ) | |

As and for its complaint, Plaintiff SKF USA Inc. ("SKF") alleges as follows:

**A.     BACKGROUND, JURISDICTION, AND VENUE**

1. This is an action for Trademark Infringement, Counterfeiting, and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("Lanham Act") and the Statutory and Common Law of the State of Arizona.

2. SKF seeks injunctive relief, an accounting of defendant's profits, and damages pursuant to Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), ARS 44-1453 and the common law of the State of Arizona. These claims arise out of Defendant George J. Mandas' ("Mandas") d/b/a Premium Bearing Source ("Premium") unauthorized importation, marketing, distribution, offering for sale, and sale of counterfeit bearings marked with SKF's trademarks.

3. This Court has subject matter jurisdiction over the claims in this action relating to the federal trademark counterfeiting, trademark infringement, and false designation of origin under the provisions of 28 U.S.C. § 1331, as matters arising under the laws of the United States; under 28 U.S.C. § 1332(a) as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; under the provisions of 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks; under 28 U.S.C. § 1338(b), as a related claim of unfair competition; and under the provisions of the Lanham Act, 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Counts III and IV as non-federal claims arising out of facts identical to those which form the basis for the federal claims.

4. This Court has personal jurisdiction over the Defendants as they reside in the State of Arizona and because Mandas and Premium have their principal place of business in, and conduct business within, the State of Arizona.

5. Venue lies within this District upon the provisions of 28 U.S.C. § 1391(b) and (c).

2832807

**B.   PARTIES**

6.   SKF is a Delaware corporation with its principal place of business at 890 Forty Foot Road, Kulpsville, PA 19443-0332.  SKF is a subsidiary of Aktiebolaget SKF, a Swedish company, and is engaged in, *inter alia*, the business of manufacturing and selling ball and roller bearings, bearing housings, seals, and other related products.

7.   Upon information and belief, Mandas is an individual resident of the State of Arizona, who is doing business as Premium Bearing Source which has its principal place of business at 16211 N. Scottsdale Road, Suite 201, Scottsdale, AZ 85254.  Upon information and belief, Maria Dovas-Mandas ("Mrs. Mandas") is the wife of Mandas and resides in Arizona.  All of Mandas' statements, conduct, and actions were made or performed on behalf of the marital community of George J. Mandas and Maria Dovas-Mandas.  Mrs. Mandas is named as a party in this complaint solely in order to comply with Arizona's community property laws.

**C.   ALLEGATIONS**

8.   SKF is one of the world's leading manufacturers of ball and roller bearings, bearing housings, seals, and other related products.  SKF advertises, markets and sells its products throughout the World under the SKF® trademark and various other trademarks incorporating the SKF® trademark.

9.   SKF is the owner of numerous federal trademark registrations and pending trademark applications bearing the SKF® trademark.  SKF's trademarks include the following federal trademark registrations and pending trademark application (collectively hereinafter the "SKF® Trademarks"):

| **Mark** | **Registration/Serial No.** | **Registration/Filing Date** |
|---|---|---|
| SKF® | 502840 | 1948 |
| SKF® | 860037 | 1968 |

2832807

| Mark | Registration/Serial No. | Registration/Filing Date |
|---|---|---|
| SKF® & Design | 2053722 | 1997 |
| SKF® & Design | 3370941 | 2008 |
| SKF EXPLORER™ | Serial No. 78/830899 | Filed 2006 |

The SKF® Trademarks remain in full force and effect and are owned by SKF. SKF has used the SKF® Trademarks since as early as 1907, and obtained its first registration in 1948. Three of the SKF® Trademarks, Registration Numbers 502840, 860037, and 2053722 have become incontestable, by reason of appropriate filings under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and a claim of ownership is made as to all of the SKF® Trademarks entitled to at least constructive notice in accordance with Section 22 of the Lanham Act, 15 U.S.C. § 1072. Copies of the registrations and application for the SKF® Trademarks taken from the U.S. Patent and Trademark Office web site are attached as Exhibit A and incorporated herein.

10. SKF has continuously and extensively used, advertised, and promoted the SKF® Trademarks in commerce throughout the United States and the world on, and in connection with many products, including ball bearings and roller bearings ("SKF Bearings").

11. SKF carefully supervises, monitors, and controls the quality of all SKF Bearings displaying the SKF® Trademarks to ensure that the products are of a consistently high quality.

12. SKF has expended significant capital and has devoted substantial amounts of time and money to the production, marketing, and promotion of its products bearing the SKF® Trademarks. As a result, the SKF® Trademarks are extremely valuable and constitute a valuable asset in the advertising and sale of SKF Bearings to the public.

13. As a consequence of SKF's continuous and extensive use, advertisement, marketing, and promotion of the SKF® Trademarks and of the products bearing the SKF® Trademarks, the SKF® Trademarks are distinctive of SKF's products and have strong secondary meaning.

### **Mandas' and Premium's Counterfeiting Activities**

14. On or about April 29, 2009, the United States Customs and Border Protection ("U.S. Customs") notified SKF's designated contact for U.S. Customs matters that U.S. Customs had stopped two separate shipments of purported SKF Bearings at the U.S. Customs facility at the Phoenix Sky Harbor International Airport ("Sky Harbor").

15. The U.S. Customs agent informed the SKF representative that the two shipments would be held for further inspection.

16. The first shipment contained a total of 28 purported SKF Bearings which were marked "Made in France" and "Made in Sweden" ("Shipment One").

17. The second shipment contained a total of 40 purported SKF Bearings which were marked as being "Made in Malaysia" ("Shipment Two").

18. As part of the investigation, SKF had an independent consultant, who was the former Director of Engineering at SKF for approximately 16 years, examine photographs of samples of each of the different bearings in the two shipments. The preliminary examination confirmed that the bearings in Shipment One and Shipment Two did not appear to be legitimate SKF Bearings.

19. On or about May 6, 2009, U.S. Customs informed SKF's representative that two additional shipments of purported SKF Bearings were stopped at Sky Harbor. One of the shipments contained one purported SKF bearing which was marked "Made in China" ("Shipment Three"). The other shipment contained 1,200 purported SKF Bearings which were marked "Made in France" ("Shipment Four").

2832807

20. SKF had its consultant examine photographs of samples from Shipment Three and Shipment Four. The preliminary inspection confirmed that the bearings in Shipment Three and Shipment Four did not appear to be legitimate SKF Bearings.

21. On May 19, 2009, U.S. Customs issued Seizure Notices for Shipment One and Shipment Two. Copies of the two Seizure Notices are attached as Exhibit B and Exhibit C respectively, and incorporated herein.

22. Mandas dba Premium is the named Importer in the Seizure Notices for Shipment One and Shipment Two.

23. On May 20, 2009, U.S. Customs issued Seizure Notices for Shipment Three and Shipment Four. Copies of the two Seizure Notices are attached as Exhibit D and Exhibit E respectively, and incorporated herein.

24. Mandas dba Premium is the named Importer in the Seizure Notices for Shipment Three and Shipment Four.

25. According to the Seizure Notices for each of the four shipments at issue, Mandas dba Premium imported the four shipments from three different exporters based in China and Hong Kong.

26. On or about June 2, 2009, SKF requested that U.S. Customs provide SKF with physical samples from each of the four shipments. After SKF posted the requisite bond, U.S. Customs provided physical samples from each of the four shipments except for Shipment Three – which consisted of only one bearing.

27. The samples from Shipment One, Shipment Two and Shipment Four were shipped to the SKF Failure Analysis Center in Kulpsville, Pennsylvania and have remained in the custody of SKF at the Failure Analysis Center ever since.

28. SKF had its consultant inspect each of the physical samples from Shipment One, Shipment Two and Shipment Four. The physical examination confirmed the conclusion from the preliminary analysis of the photographs that the bearings in Shipment One, Shipment Two and Shipment Four were in fact counterfeit.

2832807


## Mandas' and Premium's Prior Activities

29. SKF had previously contacted Mandas in August 2008 concerning a different shipment of counterfeit SKF Bearings.

30. Baker Bearing Co. ("Baker") reached out to SKF in July 2008 in an effort to resolve a question over the authenticity of a shipment of bearings that originated from Singapore ("Baker Shipment"). After learning that the Baker Shipment might contain counterfeit bearings, Baker, the originally-intended recipient of the shipment, expressed its concern to SKF and sought SKF's assistance in determining the authenticity of the bearings of the Baker Shipment.

31. After Baker continued to refuse to take delivery of the Baker Shipment, upon information and belief, a new Bill of Lading was created which named Premium as the new intended recipient for the Baker Shipment.

32. The bearings, which were being held at a bonded warehouse comprised approximately 216 units and weighed approximately 9,000 pounds in total. After the change to the Bill of Lading, upon information and belief, the Baker Shipment was set to be delivered to Premium.

33. In or about August, 2008, a representative of SKF and a representative of Baker were permitted to enter the warehouse to inspect the bearings comprising the Baker Shipment. The results of the inspection confirmed that the bearings in the Baker Shipment were not legitimate SKF Bearings.

34. On or about August 1, 2008, SKF put Mandas on notice that should he proceed with receipt and ultimate distribution of the Baker Shipment, Mandas could face liability for its role in the importation, distribution, and sale of counterfeit SKF Bearings. After receiving notice from SKF, Mandas did not take possession of the Baker Shipment.

35. Despite being made aware and warned of the problem with counterfeit SKF Bearings in August 2008, and despite Mandas' assurances that he would not engage in such activity, on information and belief, Mandas has continued to order and

import counterfeit SKF Bearings for the purpose of selling them in the United States and internationally.

36. Upon information and belief, Mandas knew that the bearings comprising Shipment One, Shipment Two, Shipment Three and Shipment Four were not legitimate SKF Bearings and imported them for the purposes of distributing them to customers in the United States and throughout the world.

37. SKF has never granted the Mandas or Premium any right to use or any other rights to the SKF® Trademarks.

38. Upon information and belief, Mandas is, inter alia, purchasing, importing, offering for sale, selling, distributing, and marketing counterfeit SKF Bearings in the United States and the global marketplace, which:

- are marked with the SKF® Trademarks directly on the bearings;
- closely resemble the appearance of legitimate SKF Bearings;
- are packaged in boxes and containers marked with the SKF® Trademarks;
- have inaccurate bar code numbers on the boxes housing the bearings; and,
- have boxes and box labels that closely resemble the design and look of boxes that house legitimate SKF Bearings.

39. The counterfeit bearings being sold by Mandas create an aura of authenticity and demonstrate Mandas' role in a much larger, sophisticated program for the production, distribution, and sale of a large volume of counterfeit SKF Bearings. This is indicated by the:

- use of a branding and laser marking process to replicate the SKF® Trademarks on the bearings themselves;
- use of a printing process to replicate the SKF® Trademarks on the box labels;
- the use of a computer system and printing process to replicate bar code numbers on the boxes that house the bearings; and,
- the use of a packaging system to replicate SKF boxes and box labels.

2832807

40. Mandas is importing, distributing and advertising counterfeit SKF Bearings as legitimate SKF Bearings. Such goods are counterfeit, and their continued sale impinges and threatens to destroy the goodwill SKF has built up over a long period of time for the sale of quality bearings, as SKF has no way of insuring the quality of the goods sold by Mandas under the SKF® Trademarks and, as such, SKF will be irreparably harmed unless Mandas is enjoined from the sale of counterfeit goods bearing the SKF® Trademarks.

41. Mandas' unauthorized use of the SKF® Trademarks, in connection with the sale of counterfeit SKF Bearings, constitutes the use in commerce of the reproduction, copy, or colorable imitation of a registered trademark, as well as the appropriation of SKF's goodwill and reputation associated with the SKF® Trademarks, which is likely to cause confusion or to cause mistake or to deceive, and is causing losses in sales of SKF's genuine SKF Bearings, thereby resulting in lost profits suffered by SKF.

42. SKF and the public will continue to suffer irreparable injury unless Mandas is restrained from using the SKF® Trademarks, or any similar names thereto in connection with its counterfeit bearings.

43. If not enjoined by the Court, Mandas will continue to sell counterfeit bearings in commerce under the SKF® Trademarks, which will be perceived as having emanated from SKF. SKF, however, has no control over the nature and quality of the bearings sold by Mandas, and any fault or objection with the bearings will adversely affect future sales of genuine SKF Bearings under the authorized use of the SKF® Trademarks.

44. Upon information and belief, Mandas has full knowledge of SKF's exclusive and long established proprietary rights in and to the SKF® Trademarks and the strong secondary meaning which is attached to the SKF® Trademarks, but has proceeded in complete disregard of SKF's rights.

45. Unless immediately restrained and enjoined by this Court, Mandas will continue offering for sale, selling, distributing, and marketing of unlawful and unauthorized bearings branded with the SKF® Trademarks, or colorable imitations thereof, causing SKF irreparable injury.

46. SKF has no adequate remedy at law.

## COUNT I

**Unauthorized Use and Counterfeit of
Federally Registered Trademarks Under
15 U.S.C. § 1114(1) of the Lanham Act**

47. The allegations contained in paragraphs 1 through 46 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

48. Mandas' use of the SKF® Trademarks on unauthorized and illegitimate counterfeit products constitutes the use in commerce of a reproduction, copy, counterfeit, or colorable imitation of registered trademarks, as well as the appropriation of SKF's goodwill and reputation associated with the marks, which is likely to cause confusion or to cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Mandas has intentionally used the SKF® Trademarks knowing they are the exclusive property of SKF in connection with the sale, offering for sale and distribution of a variety of goods, including, but not limited to SKF Bearings.

50. Mandas' use of the SKF® Trademarks confuses and is likely to confuse the purchasing public as well as others engaged in business relations with SKF. Mandas' use of the SKF® Trademarks on counterfeit bearings injures the reputation, goodwill, and prestige of SKF and impairs the value of the SKF® Trademarks, which are uniquely associated with SKF's goods, and causes other injury to SKF. SKF and the public will suffer irreparable injury unless Mandas is restrained from using the SKF® Trademarks.

51. Mandas engaged in and continues to engage in the aforementioned activities with the intent to confuse and deceive consumers into believing that Mandas and the counterfeit SKF Bearings he distributes, offers for sale and sells are in some way sponsored by, affiliated, or associated with SKF, when in fact Mandas is not.

52. The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case pursuant to 15 U.S.C. § 1117.

53. Mandas should be immediately restrained, temporarily and preliminarily enjoined and, upon final hearing, permanently enjoined from manufacturing, offering for sale, selling, distributing, and marketing any bearings branded with any of the SKF® Trademarks, any colorable imitations thereof, or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

54. In addition, SKF is entitled to the other remedies available to it under the Lanham Act including, but not limited to, compensatory damages, treble damages, statutory damages, disgorgement of profits, and/or costs and attorneys' fees.

## COUNT II

**False Designation of Origin and Unfair Competition
Under 15 U.S.C. § 1125(a) of the Lanham Act**

55. The allegations contained in paragraphs 1 through 54 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

56. At all times relevant to this lawsuit, SKF has imported bearings under the SKF® Trademarks and offered them for sale in interstate commerce.

57. The SKF® Trademarks are uniquely associated with SKF's products, including legitimate SKF Bearings.

58. Mandas' activities in passing-off its bearings as legitimate SKF Bearings wrongly and deceptively confuses the public that the bearings are genuine

and emanate from SKF, all to the detriment of SKF, and will continue to damage SKF unless enjoined by the Court.

59.  As a result of Mandas' actions, SKF has lost, and will lose in the future, sales in an unknown amount due to the consumers' erroneous belief that the Mandas' bearings are genuine and emanate from SKF.

60.  SKF has been and will also continue to be injured by the fact that it has no control over the type or quality of Mandas' bearings or the promotional advertising activities utilized by Mandas.

61.  Mandas' activities in "passing-off" its bearings as legitimate SKF Bearings injures the reputation, goodwill, and prestige of SKF, impairs the value of the SKF® Trademarks, which are uniquely associated with SKF's Bearings, and causes other injury to SKF.  SKF and the public will suffer irreparable injury unless Mandas is restrained from using the SKF® Trademarks.

62.  Mandas' actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high quality reputation of SKF, and to improperly appropriate the valuable trademark rights of SKF, all to the detriment of SKF.

63.  Mandas' aforesaid acts constitute false designation of origin and false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

64.  The allegations contained in paragraphs 1 through 63 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

65.  Mandas' continued use of the SKF® Trademarks is causing, and will continue to cause, confusion or likelihood of confusion by the public and/or misunderstanding by consumers regarding the relationship of Mandas' bearings and

2832807

business to SKF.  Mandas' use of identical trademarks as the SKF® Trademarks on counterfeit products erroneously misleads the public into believing that Mandas' bearings are legitimate SKF Bearings or are affiliated, sponsored or endorsed by, or otherwise connected with, SKF.  Mandas' continued conduct as stated constitutes trademark infringement and unfair competition in that Mandas has used, and is using, trademarks belonging to SKF, in derogation of SKF's common law rights in the SKF® Trademarks.

66. As a result of Mandas' actions, SKF has lost, and will lose in the future sales in an unknown amount, due to potential purchasers believing that the bearings purchased from Mandas are those of SKF, or are affiliated or sponsored by SKF. SKF will be further injured by the fact that it has no control over the type or quality of the bearings being sold by Mandas or advertising or promotional activities.

67. Mandas' actions have been performed willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high quality reputation of SKF, and to improperly appropriate the valuable common law trademark rights of SKF, all to the detriment of SKF.

68. Mandas' use of identical marks to the SKF® Trademarks on identical bearings injures the reputation, goodwill, and prestige of SKF and causes other injury to SKF.  SKF and the public will suffer irreparable injury unless Mandas is restrained from using the SKF® Trademarks.

## COUNT IV

### Counterfeiting Under A.R.S. § 44-1453

69. The allegations contained in paragraphs 1 through 68 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

70. Mandas knowingly and with intent to sell or distribute used, displayed, advertised, distributed, offered for sale, sold or possesses counterfeit SKF Bearings that are marked with counterfeit copies of the SKF® Trademarks.

71. Mandas' counterfeit SKF® Trademarks on identical bearings injures the reputation, goodwill, and prestige of SKF and causes other injury to SKF. SKF and the public will suffer irreparable injury unless Mandas is restrained from using the SKF® Trademarks.

72. Mandas' aforesaid acts constitute counterfeiting in violation of A.R.S. 44-1453.

WHEREFORE, SKF demands that:

A. Mandas and Premium, their directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from using any infringing, counterfeits, copies, or colorable imitations of the SKF® Trademarks.

B. Mandas and Premium, their directors, officers, partners, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from doing, aiding, contributing to, causing, and abetting any of the following:

(1) directly or indirectly infringing any of the SKF® Trademarks, either through counterfeits or by using any colorable imitations or confusingly similar facsimiles thereof;

(2) manufacturing, marketing, distributing, offering for sale and/or selling bearings marked with or using any infringing, counterfeits, copies, or colorable imitations of the SKF® Trademarks;

(3) directly or indirectly applying to or using on bearings or using on or in connection with the manufacture, marketing, distribution, offering for sale, and/or sale thereof, any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks, or any marks, emblems, logos, or terms which in any way imitate or simulate any of the SKF® Trademarks;

    (4) engaging in any acts or activities, directly or indirectly, calculated to trade upon any of the SKF® Trademarks, or the reputation or goodwill of SKF, or in any manner to compete unfairly with SKF;

    (5) using on, or in connection with, the manufacture, marketing, distribution, offering for sale, and/or sale of any bearing, or on any related equipment or materials, or on or in any packaging, cartons, labels, price tags, tags, display carts, wrappers, promotional materials, or advertising material of any nature whatsoever, any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks; and,

    (6) using on, or in connection with, the manufacture, marketing, distribution, offering for sale, and/or sale of any bearings, or any related equipment or material related thereto, any packages, cartons, labels, price tags, tags, display carts, wrappers, or any advertising matter whatsoever which bears any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks or which otherwise falsely designates or represents or tends falsely to designate or represent that the Defendant or its merchandise is somehow associated with, or approved by, SKF, or that its bearings meet the standards of the SKF Bearings.

  C. Mandas and Premium be ordered to file with this Court and serve upon SKF within thirty (30) days after service on them of the injunction order, a report in writing, under oath, setting forth in detail the manner and the form in which Mandas and Premium have complied with such injunction.

  D. All books and records, in whatever medium, within Mandas' and Premium's custody or control relating or pertaining to the infringing bearings, which are not to be altered, changed or modified in any way, be submitted to counsel for SKF so that it may be determined where such bearings have come from or were sent to, and that an accounting may be had of Mandas' and Premium's sales and profits relating to their sale of counterfeit SKF Bearings, and that Mandas and Premium pay to SKF the following:

2832807

1        (1)     all profits derived by Mandas and Premium and damages suffered by SKF resulting from Mandas' and Premium's sales or other exploitation of any other bearing or related product or material branded with any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks, or as a direct or indirect result of its use of any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks or any of the other acts complained of hereinabove, or, in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c);

        (2)     treble damages sustained by SKF as a direct or indirect result of any of the acts complained of herein; and

        (3)     SKF's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117(a) of the Lanham Act, and A.R.S. § 44-1453 (J).

    E.   This Court order, pursuant to 15 U.S.C. § 1118, that all unauthorized and infringing labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Mandas, Premium, and their agents, servants and employees bearing any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks shall be delivered up and destroyed.

    F.   Awarding SKF such other and further relief at law or in equity, as this Court may deem just and proper.

    DATED this 12th day of November, 2009.

                          OSBORN MALEDON, P.A.


                          By   s/Brett L. Dunkelman
                               Brett L. Dunkelman
                               Erick S. Ottoson
                               2929 North Central Avenue, Suite 2100
                               Phoenix, Arizona  85012-2793

                               Attorneys for SKF USA Inc.

2832807

Paul J. Kennedy (*pro hac vice pending*)
J. Anthony Lovensheimer (*pro hac vice pending*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799

Of Counsel for SKF USA Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2009, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                                          s/Susanne Wedemeyer

2832807