IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SKF USA Inc., | ) No. CV09-02368-PHX-ROS |
| | ) |
| Plaintiff, | ) **DEFAULT JUDGMENT** |
| | ) |
| vs. | ) |
| | ) |
| George J. Mandas dba Premium Bearing Source and Maria Dovas-Mandas, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment against Defendants (Doc. 21), filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

On January 20, 2010, the Clerk of the Court entered the default of the Defendant George Mandas dba Premium Bearing Source and on March 23, 2010, the Clerk of Court entered default against Maria Dovas-Mandas. The default established Defendants' liability on all four counts in the Complaint.[1]

---

[1] Count I (Unauthorized Use and Counterfeit of Federally Registered Trademarks Under 15 U.S.C. § 1114(1) of the Lanham Act); Count II (False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a) of the Lanham Act); Count III (Common Law Trademark Infringement and Unfair Competition); and Count IV (Counterfeiting Under A.R.S. 44-1453).

The Court finds that Plaintiff SKF USA Inc. has a meritorious claim to the amount requested in its motion and supported by affidavit, and the default by Defendants was not apparently due to excusable neglect, as they had notice of the instant lawsuit. Therefore, default judgment against Defendants George J. Mandas d/b/a Premium Bearing Source and Maria Dovas-Mandas (collectively "Defendants") and in favor of Plaintiff SKF USA Inc. is appropriate and will be entered accordingly.

IT IS THEREFORE ORDERED GRANTING Plaintiff judgment against Defendants George J. Mandas d/b/a Premium Bearing Source and Maria Dovas-Mandas, and each of them, as follows:

1. On Count I of the Complaint, Defendants' willful and deliberate counterfeiting of Plaintiff's trademarks, the maximum statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2 Million Dollars ($2,000,000.00).

2. On Counts I and IV of the Complaint, Plaintiff's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117(a) and A.R.S. 44-1453 (J), in the amount of $31,345.82.

3. On Counts I, II, III and IV of the Complaint, that Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants be permanently enjoined from:

(a) directly or indirectly infringing any of the SKF® Trademarks, either through counterfeits or by using any colorable imitations or confusingly similar facsimiles thereof;

(b) manufacturing, marketing, distributing, offering for sale and/or selling bearings marked with or using any infringing, counterfeits, copies, or colorable imitations of the SKF® Trademarks or;

(c) directly or indirectly applying to or using on bearings or using on or in connection with the manufacture, marketing, distribution, offering for sale,

and/or sale thereof, any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks, or any marks, emblems, logos, or terms which in any way imitate or simulate any of Plaintiff's SKF® Trademarks;

(d) engaging in any acts or activities, directly or indirectly, calculated to trade upon any of the SKF® Trademarks, or the reputation or goodwill of Plaintiff, or in any manner to compete unfairly with Plaintiff;

(e) using on, or in connection with, the manufacture, marketing, distribution, offering for sale, and/or sale of any bearing, or on any related equipment or materials, or on or in any packaging, cartons, labels, price tags, tags, display carts, wrappers, promotional materials, or advertising material of any nature whatsoever, any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks; and,

(f) using on, or in connection with, the manufacture, marketing, distribution, offering for sale, and/or sale of any bearings, or any related equipment or material related thereto, any packages, cartons, labels, price tags, tags, display carts, wrappers, or any advertising matter whatsoever which bears any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks or which otherwise falsely designates or represents or tends falsely to designate or represent that the Defendants or their merchandise is somehow associated with, or approved by, Plaintiff, or that their bearings meet the standards of Plaintiff's SKF Bearings.

Dated this 26th day of May, 2010.

_____
Roslyn O. Silver
United States District Judge